IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

24 HOUR FITNESS USA, INC., a
California Corporation d/b/a 24
HOUR FITNESS,
            Petitioners,

Vs.                                      No. 12-2038-SAC

RAYMOND RAMIREZ,
            Respondent.

MEMORANDUM AND ORDER

After bringing its petition to compel arbitration pursuant to the 2007 arbitration agreement, 24 Hour Fitness USA, Inc. ("24 Hour Fitness") filed a proof of service indicating that the petition had been personally served on Justin P. Karczag with the law firm of Foley, Bezek, Behle & Curtis, LLP in Costa Mesa, California.  (Dk. 5).  From the petition and its attachments, the court understood that Mr. Karczag or his firm has represented respondent, Ramon Ramirez, and others in arbitration proceedings filed in March of 2011 on this overtime pay dispute under the Fair Labor Standards Act.  According to the Declaration of Laura Hayward, counsel for 24 Hour Fitness, this arbitration proceeding is still pending in San Francisco, California.  (Dk. 4).

With the filing of the proof of service, the court established an expedited briefing schedule and sent by email a courtesy copy of this order

to respondent's California counsel. (Dk. 6). The court is in receipt of email from Mr. Karczag in which he writes, in part:

> I am an attorney and represent or have represented Mr. Ramirez and other 24 Hour Fitness employees in actions against 24 Hour Fitness in the Northern District of California. I am not licensed in Kansas. I have previously informed 24 Hour Fitness's counsel that I am not authorized to accept service on behalf of those employees (this would include Mr. Ramirez) and that they have not waived service of process. From my latest information, Mr. Ramirez is no longer living in Kansas and has moved out of state.

By the terms of 9 U.S.C. § 4, "[s]ervice . . . shall be made in the manner provided by the Federal Rules of Civil Procedure." The general rule is that "the defendant's attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of that type has taken place." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1097 (3d ed. 2002); *see, e.g., Grandbouche v. Lovell*, 913 F.2d 835, 837 (10th Cir. 1990); *New England Reinsurance Corp. v. Tennessee Ins. Co.*, 780 F. Supp. 73, 78 (D. Mass. 1991) (a party's intent to confer that authority "may be implied by the . . . broad circumstances surrounding the service upon the agent." (internal quotation marks and citation omitted)).

At this time, the court will suspend the expedited briefing schedule previously ordered and hereby directs 24 Hour Fitness to show in writing that it has satisfied the service requirements of 9 U.S.C. § 4 and Rule 4 of the Federal Rules of Civil Procedure. This response will be due no later than February 13, 2012, with any replies due February 20, 2012. The court

will then rule promptly.

        IT IS SO ORDERED.

        Dated this 1st day of February, 2012, Topeka, Kansas.

                s/ Sam A. Crow
                Sam A. Crow, U.S. District Senior Judge