IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

24 HOUR FITNESS USA, INC., a
California Corporation d/b/a 24
HOUR FITNESS,
                 Petitioners,

     Vs.                                         No. 12-2038-SAC

RAYMOND RAMIREZ,
                 Respondent.

MEMORANDUM AND ORDER

On January 20, 2012, 24 Hour Fitness USA, Inc. ("24 Hour") commenced this action by filing a petition to compel arbitration pursuant to the 2007 arbitration agreement. (Dk. 1). It filed a return of service on January 27, 2012, indicating the petition had been personally served on Justin P. Karczag with the law firm of Foley, Bezek, Behle & Curtis, LLP in Costa Mesa, California. (Dk. 5). The court understood from these pleadings that Mr. Karczag's firm had represented the respondent, Ramon Ramirez, and others in arbitration proceedings pending in California based on an overtime pay dispute under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §§ 201 *et seq.* The declaration of Laura Hayward, counsel for 24 Hour, averred this arbitration proceeding was still pending in San Francisco, California. (Dk. 4).

The court established an expedited briefing schedule notifying

respondent's California counsel both by certified mail and a courtesy electronic mailing.  (Dk. 6).  After receiving an electronic mail reply from Mr. Karczag that indicated he did not have authority to accept service on behalf of the respondent, the court issued an order that suspended the briefing schedule and that directed 24 Hour to show in writing its compliance with 9 U.S.C. § 4 and Fed. R. Civ. P. 4.  (Dk. 7).  Within the time set by that court, 24 Hour filed its response, and the respondent filed no replies.

It is 24 Hour's position that service on respondent's California counsel pursuant to Fed. R. Civ. P. 5(b)(1) meets the service requirement of 9 U.S.C. § 4, as the instant case "is part of ongoing litigation between 24 Hour Fitness and Ramirez."  (Dk. 10, p. 1).  No legal authority is cited for this application of Rule 5[1] or for this legal characterization of the action here. The court need not resolve this issue, as 24 Hour also has filed a return of personal service on Raymond Ramirez pursuant to Fed. R. Civ. P. 4(e)(2)(B) in "Lees Summit, MO."  (Dk. 9).

At this juncture, a briefing schedule on the petition to compel arbitration typically would be established without further discussion.  The

---

[1]The Advisory Committee's Comments to the 2001 Amendments to Rule 5(b) state in part:
> "Rule 5(b)(1) makes it clear that the provision for service on a party's attorney applies only to service made under Rules 5(a) and 77(d).  Service under Rules 4, 4.1, 45(b), and 71A(d)(3)--as well as rules that invoke these rules--must be made as provided in those rules."

Noticeably absent from 24 Hour Fitness's argument is that the original complaint/petition falls within the service made under Rule 5(a).

court, however, is concerned by the procedural posture of this case and with 24 Hour's own characterization of this action as being "part of ongoing litigation." The following summary of the procedural history leading to his action comes in part from 24 Hour's pleadings and in part from the court's quick review of the record in the pending litigation in California.

According to 24 Hour, Raymond Ramirez was a party represented by Mr. Karczag's firm in "a decertified FLSA collective action" filed in the Northern District of California, *Beauperthuy v. 24 Hour Fitness, et al.*, No. 06-0715. The court decertified the collective action finding in part:

> The judicial inefficiency that would result from trying Plaintiffs' claims collectively outweighs the benefits to Plaintiffs of proceeding collectively. Additionally, the detriment to Plaintiffs from decertification is ameliorated by the fact that each Plaintiff is subject to an arbitration agreement with 24 Hour. While 24 Hour refused to proceed to a class-wide arbitration, it would agree to arbitrate individual claims. Defs. Second Reply at 14. Thus, after decertification, Plaintiffs who wish to pursue their individual claims need not file individual lawsuits for relief.

(*Beauperpathy v. 24 Hour Fitness, et al.*, No. 06-0715, Dk. 428 at p. 40). Demands and claims for individual arbitration on behalf of 983 listed claimants, including Raymond Ramirez, were filed in late March of 2011 with Judicial Arbitration and Mediation Services ("JAMS") in San Francisco, California. *Beauperthuy v. 24 Hour Fitness*, 2011 WL 6014438 at *1 (N.D. Cal. Dec. 2, 2011); (Dk. 4-1, p. 2). Counsel for 24 Hour in a letter dated April 1, 2011, disagreed with the arbitration proceedings taking place in California, as 24 Hour construed the 2005 and 2007 Arbitration Agreements

to provide for arbitration in the geographic vicinity of the place where the dispute arose or where the claimant last worked for 24 Hour.[2] *Beauperthuy v. 24 Hour Fitness*, 2011 WL 6014438 at *1.

Consequently, on April 25, 2011, an action was filed on behalf of the 983 claimants seeking to compel arbitration with 24 Hour in the Northern District of California. *Id.* at *2. In October, the motion to compel was amended to reflect it was being brought only by those individuals whose employment with 24 Hour ended while the 2001 Agreement was still effective. *Id.* In December of 2011, the United States District Court for the Northern District of California granted the amended motion to compel and ordered the arbitration to occur in that district. *Beauperthuy v. 24 Hour Fitness*, 2011 WL 6014438 (N.D. Cal. Dec. 2, 2011). In relevant part, the court found that 24 Hour's refusal to arbitrate in that district constituted a failure to arbitrate and noted that:

> If a party were deemed not to have "refused" arbitration so long as it expressed a willingness to arbitrate in some venue somewhere, then a

---

[2] According to Ms. Hayward's sworn declaration, 24 Hour records show it employed Raymond Ramirez until September 29, 2009, at it's location in Overland Park, Kansas. (Dk. 4, p. 2, ¶ 6). Attached to this declaration is the demand and claim for arbitration filed in March of 2011, and an exhibit to that demand shows Mr. Ramirez's claim is for his employment as operations manager from April of 2005 to May of 2007 (Dk. 4-1, p. 15). Also attached to Mr. Hayward's declaration is the letter dated April 28, 2011, from 24 Hour's counsel to Mr. Ramirez stating in relevant part:
> Our records show you last worked for 24 Hour Fitness in Metcalf, MO. Accordingly, please provide us with the names of at least three arbitrators or retired judges in the Metcalf area who you propose to hear your claims.

(Dk. 4-2, p. 1).

>valid arbitration agreement could be rendered meaningless by the parties' inability to settle on a mutually agreeable location, and courts would be powerless to intervene. For example, Defendants here could file motions to compel arbitration in various other districts, to which Moving Plaintiffs could respond that they would be happy to arbitrate but only in this district. A state of paralysis would result in which Moving Plaintiffs' claims could never be adjudicated until one party caved to the other's venue demands.

*Id* at 84.

24 Hour describes its response to that order:

>Over the weekend following Judge Conti's December 2, 2011 order, 24 Hour Fitness began preparing to file Petitions to Compel Arbitration in the districts across the United States where each Respondent last worked for 24 Hour Fitness, including the instant Petition, as the arbitration agreement under which Ramirez sought arbitration requires arbitration in the District where he last worked. At the same time, counsel for Respondents filed competing Petitions to Compel Arbitration for approximately 275 Respondents, not including Ramirez, in the Northern District of California, seeking to compel arbitration in front of JAMS, Inc. in San Francisco--a location which has only an extremely attenuated connection to these claims. These Petitions are still pending before the Northern District of California, and Mr. Karczag is one of the attorneys representing Respondents in the Northern District of California.

(24 Hour's Response to Court's Order to Show Cause, Dk. 10, pp. 2-3). Absent from 24 Hour's Response that summarized Mr. Karczag's ongoing representation of Raymond Ramirez is any reference to the action for declaratory relief filed by Mr. Karczag on behalf of 63 claimants, including Mr. Ramirez, in the United States District Court for the Northern District of California on January 5, 2012, fifteen days before the petition to compel was filed here in the District of Kansas. *Anderson, et al. v. 24 Hour Fitness*, No. CV 12-00098 (N.D. Cal. 2012). The relief sought in that action includes the

following:

> 1. That the Court declares that Plaintiffs' demands and claims for arbitration filed with JAMS in the Northern District of California on or about March 21-25, 2011 are valid;
> 2. That the applicable arbitration agreement either (a) does not require them to arbitrate elsewhere or (b) if it were to do so, it is unenforceable;
> 3. That Plaintiffs are entitled to arbitrate their claims in the Northern District of California pursuant to their demands, and that Defendants are compelled to do so immediately.

*Id.*

The record in this declaratory relief action indicates that on January 25, 2012, the court granted 24 Hour's motion for administrative relief to relate this action and six other declaratory relief actions to *Beauperthuy v. 24 Hour Fitness, No. 06-0715*, and to stay these declaratory relief actions "pending this Court's ruling on Claimants' Motion for Temporary Restraining Order/Preliminary Injunction and Defendant's Motions for Transfer, which is set for hearing on February 24, 2012." *Anderson, et al. v. 24 Hour Fitness,* No. CV 12-0098 at Dk. 5 (1/25/2012). In a brief filed in *Beauperthuy*, 24 Hour advocated the appointment of a Special Master who "would assist the Court and the parties to effectively and expeditiously move these claims into arbitration, and to resolve some of the procedural issues that the parties have argued about for the past twelve months." (N.D. Cal. No. 06-0715, Dk. 489, p. 2). On February 27, 2012, the federal court entered an order appointing special master over "all cases currently pending or subsequently made part of these proceedings" in *Beauperthuy v. 24 Hour*

*Fitness*, No. 06-0715.  (N.D. Cal. No. 06-0715, Dk. 502, p. 1).  Listed within the scope of the Special Master's duties are to assist the court in:

> determining whether a particular person is covered by an arbitration agreement; if so, determining which arbitration agreement applies; determining whether the terms of the arbitration agreement are enforceable; determining where and before whom arbitration shall occur, if at all; determining the order in which cases shall be arbitrated; resolving motions now pending before this Court, as well as future motions; . . . .

*Id*. at p. 3.

The court is eager to hear the parties' suggestions on how this action should proceed in light of it being "part of ongoing litigation" in the United States District for the Northern District of California, as so characterized by 24 Hour, and also apparently involving the same issues, the same agreements, and the same parties.  The instant action clearly turns on the interpretation and enforcement of the relevant arbitration agreements.  These are the same matters squarely identified for decision in the California litigation where many claimants under the same agreements are seeking a similar determination.  24 Hour will have 20 days from the filing date of this order to submit its position and Mr. Ramirez will have 15 days thereafter to respond.

IT IS THEREFORE ORDERED that the court accepts 24 Hour's return of personal service on Raymond Ramirez pursuant to Fed. R. Civ. P. 4(e)(2)(B) in "Lees Summit, MO"  (Dk. 9);

IT IS FURTHER ORDERED that the parties will file briefs within

the time allowed concerning the procedural posture of this case and offering the court their suggestions for proceeding in light of the pending California litigation.

Dated this 13th day of March, 2012, Topeka, Kansas.

<u>s/ Sam A. Crow</u>
Sam A. Crow, U.S. District Senior Judge