IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

24 HOUR FITNESS USA, INC.,
a California Corporation d/b/a
24 HOUR FITNESS,

           Petitioner,

vs.                                  Case No. 12-2038-SAC

RAYMOND RAMIREZ,

           Respondent.

MEMORANDUM AND ORDER

The case comes before the court on the petitioner's filing of a notice that Judge Samuel Conti of the United States District Court for the Northern District of California on July 15, 2012, issued an order in the case of *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715-SC. (Dk. 20). Prior to that notice, the court in the instant case had granted the request of 24 Hour Fitness USA, Inc. ("24 Hour") to stay its ruling on the petition to compel arbitration pending the outcome of certain rulings in *Beauperthuy*. The court concurred "that the interests of promoting judicial efficiency and avoiding duplicative or conflicting judgments favor staying this action pending a Northern District ruling bearing on the central issues raised in the petition to compel pending in the Kansas District." (Dk. 18, p. 2). The court stayed this action for 90 days and required 24 Hour to file a report after 90 days or "upon a Northern District ruling bearing on the central issues raised

here." *Id.* The court accepts the petitioner's notice in fulfillment of the required report.

In filing its original petition on January 20, 2012, 24 Hour sought to compel arbitration of Ramon Ramirez's claim in the District of Kansas pursuant to the terms of what it alleged to be in the 2007 arbitration agreement. (Dk. 1). The court learned that Mr. Ramirez is one of the 983 claimants named in a motion to compel 24 Hour to arbitrate within the Northern District of California ("Northern District"). This motion to compel was filed in April of 2011 and seeks to arbitrate the very same claim that 24 Hour now seeks to arbitrate in Kansas.

The motion to compel filed in the Northern District was later amended to seek relief on behalf of only 16 claimants whose employment ended while the 2001 Agreement was effective. Judge Conti noted, "in opposing the Amended Motion to Compel, 24 Hour argued that when it refused to submit to the 983 Claimants' demands to arbitrate in San Francisco, it had not in fact refused to arbitrate – it had simply agreed to arbitrate somewhere else." (Dk. 20-1; No. 06-0715-SC, Order of 7/5/12, p. 7). Judge Conti granted the amended motion to compel on December 2, 2011,[1] and then Mr. Ramirez and 272 others again filed petitions to compel arbitration in the Northern District, all of which were then related to the

---

[1] 24 Hour took an appeal that was dismissed for lack of jurisdiction. (Dk. 20-1; No. 06-0715-SC, Order of 7/5/12, p. 7 n. 7).

primary case of No. 06-0715-SC. *Id*. at 7-8. 24 Hour thereafter began filing its petitions to compel in other districts against 257 of the 273 claimants, including this petition against Mr. Ramirez filed in Kansas. *Id*. at 8.

After receiving and reviewing the Special Master's findings of fact and conclusions of law, Judge Conti granted the 273 petitions to compel arbitration in the Northern District of California:

> Finding that venue for the 273 Petitions properly lies here and that the claims presented are arbitrable, all this Court can do is grant the Petitions and order arbitration to proceed within the geographic boundaries of the Northern District of California. Under <u>Continental Grain</u>[2], this would be so even if both parties had specified that arbitration should occur elsewhere. Accordingly, the answer to the question of where arbitration should proceed does not depend on the content or even the existence of any purported venue-or forum-selection clauses in the various versions of the arbitration agreement. The question turns solely on whether the 273 Petitions to Compel are properly before this Court. The Court concludes that they are, for the reasons set forth above and in Section III.B (discussing first-to-file rule).

*Id*. at p. 15. The court agreed, in the alternative, with the Special Master that none of the five versions of the arbitration agreement, including the 2007 agreement, had a venue provision. *Id*. at 15-16. The court stayed its order to compel arbitration of these 273 petitions "until arbitration for the 16 Claimants has finished." The court's stay did not reserve any rulings on the claims being arbitrable or on the proper venue of the arbitration but did

---

[2] *Continental Grain Co. v. Dant & Russell*, 118 F. 2d 967 (9th Cir. 1941).

allow 24 Hour later to tender "specific objections to the standing of particular claimants." *Id.* at 21.

Finally, the Northern District court relied on the first-to-file rule to enjoin 24 Hour from filing and prosecuting its "dueling Petitions to Compel Arbitration against *Beauperthy* class members in more than twenty district courts across the country." *Id.* at 22. The court observed the parties' concession over the three threshold factors to this rule including that "the 273 Petitions and the later-filed actions involve the same core issues—namely, the validity of the arbitration agreement between the individual claimant and 24 Hour, and the arbitrability of the particular claims." *Id.* at pp. 23-24. After rejecting 24 Hour's arguments for not applying the first-to-file rule, the court enjoined "24 Hour from continuing to prosecute . . . "any out-of-district Petitions it has filed against any of the 983 Claimants." *Id.* at 31. The court directed 24 Hour to "file a copy of this Order in each of the out-of-district cases." *Id.* at 32.

The docket sheet in *Beauperthy* does not show 24 Hour to have taken any appeal from Judge Conti's order of July 5, 2012, that granted the motions to compel arbitration in the Northern District of California and enjoined 24 Hour from prosecuting its out-of-district petitions. Though enjoined from prosecuting its out-of-district petitions, 24 Hour chose to make a request along with its notice of Judge Conti's order that it filed in the

4

District of Kansas.  The request was for this court to stay "this action until Judge Conti's Order becomes final, or is appealed and thereafter becomes final."  (Dk. 20, p. 1).  Notably, 24 Hour filed a notice of compliance in the Northern District but failed to mention that it had included a stay request with its notice in the pending Kansas cases.  (No. 06-00715, Dk. 530).

    The court considers the Northern District's order in effect to have addressed and decided the central issues raised in 24 Hour's petition filed in the District of Kansas.  In this court's judgment, the likelihood of 24 Hour prevailing on any appeal and then seeking to have this case arbitrated in Kansas does not justify the administrative burden in retaining this case on an indefinite stay.[3]  When the first court enforces the first-to-file rule, as done here, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997); see *Curtis v. Citibank*, *N.A.*, 226 F.3d 133, 138 (2nd Cir. 2000).  The court

---

[3] While it is not commenting on the finality and appealability of Judge Conti's order, the court understands the order to be final in its ruling on the critical issues and stayed for the limited purpose of staggering the arbitration proceedings.  The reasoning and authorities offered in Judge Conti's decision are persuasive and compelling.  Moreover, from reading Judge Conti's order, the court also appreciates that Judge Conti sees 24 Hour's out-of-district petitions as related to its pattern of dilatory tactics. (Dk. 20-1; No. 06-0715-SC, Order of 7/5/12, pp. 13 n.12, 25, 28-29) ("First, the fact that 24 Hour has succeeded in drawing out this case so long that Plaintiffs are beginning to outlive it makes the Court less inclined, not more, to allow 24 Hour to place yet another procedural hurdle between Plaintiffs and an adjudication on the merits." p. 25).

believes a dismissal without prejudice promotes judicial efficiency for the reasons stated herein and in *24 Hour Fitness USA, Inc. v.* Coe, 2012 WL 2370394 (D. Mont. Jun. 21, 2012) and the cases cited therein.

IT IS THEREFORE ORDERED that 24 Hour's request for a stay is denied, and this action is dismissed without prejudice.

Dated this 22nd day of August, 2012, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge